809 F.2d 220
 Steven LABOV, Appellant,
v.
Frank P. LALLEY, Sheriff, Montgomery County, John Hennessey,
Chief Deputy Sheriff, Montgomery County, Paul B. Bartle,
Chairman, Montgomery County Commissioners, Allan C. Myers,
Deputy Commissioner, Montgomery County, Rita C. Banning,
Deputy Commissioner, Montgomery County, Frank W. Jenkins,
Sheriff (Formerly), Montgomery County, Frederick B. Hill,
Sheriff (Formerly), Montgomery County, E.M. Watt, President,
Watt & Dobson, Inc., James J. Whelan, Executive Vice
President, Watt & Dobson, Inc., James B. Whitaker, Vice
President, Watt & Dobson, Inc., Thomas M. Watt, Vice
President, Watt & Dobson, Inc., and Unknown Officers
Designated as John Doe.
John P. CAMPBELL, Appellant,
v.
Frank P. LALLEY, Sheriff, Montgomery County, John Hennessey,
Chief Deputy Sheriff, Montgomery County, Paul B. Bartle,
Chairman, Montgomery County Commissioners, Allan C. Myers,
Deputy Commissioner, Montgomery County, Rita C. Banning,
Deputy Commissioner, Montgomery County, E.M. Watt,
President, Watt & Dobson, Inc., James J. Whelan, Executive
Vice President, Watt & Dobson, Inc., James B. Whitaker, Vice
President, Watt & Dobson, Inc.
 Nos. 86-1239, 86-1240.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 20, 1986.
Decided Jan. 16, 1987.
 
 Arthur L. Gutkin (argued), Conshohocken, Pa., for appellants.
 William Morrow (argued), Myers, Banning, Jenkins and Hill, Norristown, Pa., for appellees, Lalley, Hennessey, Bartle, Myers, Banning, Jenkins and Hill.
 Andrew Fylypovych (argued), Philadelphia, Pa., for appellees, E.M. Watt, Whelan, Whitaker, and T.M. Watt.
 Before GIBBONS, Chief Judge, SEITZ, Circuit Judge, and BARRY,* District Judge.
 OPINION OF THE COURT
 GIBBONS, Chief Judge:
 
 
 1
 In these consolidated appeals we review Fed.R.Civ.P. 12(b)(6) dismissals of complaints filed by Steven Labov and John Campbell, former employees of the Sheriff's Office of Montgomery County, Pennsylvania, alleging a conspiracy, in violation of the Constitution and laws of the United States, to deprive the plaintiffs of certain property and liberty interests. The district court held that both complaints failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. Sec. 1983 (1982) because there are remedies available to Labov and Campbell before Pennsylvania state administrative agencies. We reverse.
 
 
 2
 Our review of the orders appealed from is plenary. We must accept as true all well-pleaded allegations of the complaints and construe them liberally in the light most favorable to the plaintiffs. Gomez v. Toledo, 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921, 64 L.Ed.2d 572 (1980); Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir.1977). We can affirm a Fed.R.Civ.P. 12(b)(6) dismissal only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).
 
 
 3
 Labov alleges that he is a Deputy Sheriff of Montgomery County, that defendant Frank P. Lalley is the Sheriff, defendant John Hennessey is Chief Deputy Sheriff, defendant Paul B. Bartle is Chairman of the Montgomery County Commissioners, defendants Allan C. Myers and Rita Banning are County Commissioners, that defendants Frank N. Jenkins and Frederick B. Hill are former Sheriffs of the County, and that defendants E.M. Watt, James J. Whelan and James B. Whitaker are officers of a firm which is the insurance advisor for the Sheriff's Department. Labov alleges that he attempted to organize a collective bargaining unit in the Sheriff's Department and that he had testified before a grand jury investigating the possible criminal conduct of defendant Hill while Hill was in office. The defendants, he alleges, in retaliation for these actions acted in concert to take adverse personnel actions against him including an order to surrender his firearm, insupportable disciplinary actions, and steps to prevent him from recovering workmen's compensation benefits for a work-related injury.
 
 
 4
 Campbell alleges that he is a Deputy Sheriff of Montgomery County. His allegations about the positions held by the several defendants are similar to Labov's. Campbell alleges that he associated with other employees of the Sheriff's Department in an effort to form a union and that the defendants conspired to deprive him of the right to do so. He alleges that the defendants used coercion and intimidation to prevent the formation of such a union, including efforts to deprive him of his right to workmen's compensation for work-related injuries and other employment benefits.
 
 
 5
 Both Labov and Campbell allege that the named defendants associated with Watt & Dobson, Inc., an insurance advisor which acted in concert with the defendant officials of Montgomery County, to achieve the deprivations of workmen's compensation benefits of which they complain. See Adickes v. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966) (private persons jointly engaged with state officials act "under color" of law for purposes of Sec. 1983).
 
 
 6
 The district court dismissed both complaints in reliance on Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The court reasoned that the Pennsylvania Workmen's Compensation Act, 77 Pa.Stat.Ann. Sec. 1 et seq. (1952 Supp.1986), provided sufficient redress to satisfy the requirements of procedural due process with respect to the plaintiffs' workmen's compensation claims. The court also found that the Pennsylvania Public Employee Relations Act, 43 Pa.Cons.Stat.Ann. Sec. 1101.101 et seq. (Purdon Supp.1986), provided sufficient redress to satisfy the requirements of procedural due process with respect to the exercise of the right to organize a union to bargain collectively. So long as these statutory remedies existed, the court concluded, no relief was available pursuant to section 1983 of the Civil Rights Act of 1870, 42 U.S.C. Sec. 1983 (1982). The district court misread the plaintiffs' complaints, the Supreme Court authority on which reliance was placed, and the Pennsylvania statutes referred to.
 
 
 7
 Fairly read, the complaints allege a conspiracy to deprive the plaintiffs of interests in employment and employment benefits created by state law, in retaliation for the exercise of rights of association protected by the first amendment. Thus they charge intentional substantive violations of federally-protected liberty interests, not random and unauthorized deprivations of state created property interests. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Plainly efforts of public employees to associate together for the purpose of collective bargaining involve associational interests which the first amendment protects from hostile state action. Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). Neither Parratt v. Taylor nor its progeny, Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), Daniels v. Williams, --- U.S. ----, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), deal with intentional deprivations of federal substantive liberty interests protected by the first amendment.
 
 
 8
 Moreover, Parratt v. Taylor and its progeny do not apply to charges of intentional conspiratorial conduct under color of state law. Such conduct, if it can be proved, is not the kind of isolated, unpredictable, and thus unpreventable conduct with which the Supreme Court purports to deal in the Parratt v. Taylor line of cases. See Davidson v. O'Lone, 752 F.2d 817, 828 (3d Cir.1984), aff'd sub nom. Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).
 
 
 9
 Finally, in relying on the statutory remedies found in the Pennsylvania Workmen's Compensation Act and the Pennsylvania Public Employee Relations Act, the district court ignored the limited relief those statutes authorized when compared to that sought in plaintiffs' section 1983 complaints. Both plaintiffs seek removal from their personnel files of information included therein as a result of the conspiracy to violate their first amendment rights. Labov seeks the return of his firearm. Both plaintiffs seek compensatory damages not limited to the amount of workmen's compensation benefits unlawfully withheld. Both plaintiffs seek punitive damages. Both plaintiffs seek attorneys' fees. All of this requested relief would be available pursuant to 42 U.S.C. Secs. 1983 and 1988 (1982), if they prove what they allege. The Pennsylvania statutory remedies to which the district court pointed provide for very little of it. The Workmen's Compensation Act provides for the exclusive liability of an employer for physical injury, death, or occupational disease of an employee. It provides no other relief. See 77 Pa.Stat.Ann. Sec. 481 (Purdon Supp.1986). Plaintiffs' claims go far beyond lost workmen's compensation benefits. The Public Employee Relations Act recognizes the right of public employees to bargain collectively, 43 Pa.Cons.Stat.Ann. Sec. 1101.401 (Purdon Supp.1986), and provides for an arbitration remedy in cases of impasse in the collective bargaining process. 43 Pa.Cons.Stat.Ann. Sec. 1101.801 (Purdon Supp.1986). The arbitration remedy is inapplicable to efforts to form a union. Assuming, as the district court did, that the activities about which plaintiffs complain are unfair labor practices within the jurisdiction of the Labor Relations Board, the relief which the Board could order under 43 Pa.Cons.Stat.Ann. Secs. 1101.1303 (Purdon Supp.1986), cease and desist orders and reinstatement of employees, is far more limited than that which is available pursuant to 42 U.S.C. Secs. 1983 and 1988 (1982).
 
 
 10
 The orders dismissing the Labov and Campbell complaints pursuant to Fed.R.Civ.P. 12(b)(6) must therefore be reversed.
 
 
 
 *
 Honorable Maryanne Trump Barry, United States District Judge for the District of New Jersey, sitting by designation