**D. Herbert LIPSON and Philadelphia Magazine, Inc.**

v.

**Bernard SNYDER, M. Mark Mendel and M. Mark Mendel, Ltd.**

**Civ. A. No. 85–1118.**

United States District Court, E.D. Pennsylvania.

Nov. 14, 1988.

---

**542**

Arthur W. Lefco, Deborah L. Gold, Mesi-rov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for defendants.

John G. Harkins, Jr., Robert L. Hickok, Nicholas M. Kouletsis, Margaret A. Suen-der, Pepper, Hamilton & Scheetz, Philadel-phia, Pa., for plaintiffs.

1. Defendant Snyder has filed a petition in bank-ruptcy. Pursuant to 11 U.S.C. section 302, all proceedings are stayed to the extent they affect him.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. section 1983 in which Defendants moved for dismissal under Fed. R.Civ.P. 12(b)(6). The matter was assigned to a Magistrate who issued a Report on September 23rd, 1988, recommending that Plaintiffs' claim be dismissed. Plaintiffs filed Objections to the Magistrate's Report and Recommendation, and Defendants M. Mark Mendel and M. Mark Mendel, Ltd. filed a Response.[1] Because my analysis brings me to a different conclusion, I cannot accept the Magistrate's Recommendation.

### I. BACKGROUND

Plaintiffs in this action ("Plaintiffs") were defendants in a non-jury state court libel action, *James Reginald Edghill v. Municipal Publications, Inc., D. Herbert Lipson, and Alan Halpern*, May Term 1972, No. 2371 (hereinafter *"Edghill"* or "the state case"). The *Edghill* case was assigned to Defendant Snyder, who was at that time a judge of the Court of Common Pleas of Philadelphia County. Plaintiffs allege that Defendant Snyder conspired with Defendants M. Mark Mendel and M. Mark Mendel, Ltd., counsel for Mr. Edghill in the state case, to deprive them of their federally protected right to a fair trial, in violation of the Fourteenth Amendment of the United States Constitution.

Plaintiffs allege that Defendants repeatedly had covert *ex parte* meetings and telephone conversations during the course of the trial. At such times, Defendants discussed trial tactics and conspired to produce a verdict in the state case based on extrajudicial considerations. Pursuant to this agreement, Defendant Snyder prolonged the trial for almost six months in order to increase Plaintiffs' litigation expenses; decided, after Plaintiffs moved for his disqualification[2], to add $3 million to

2. One motion was brought on the fifty-third day of trial based
on the grounds that, among other things, defendant Snyder had failed to control the conduct of defendants M. Mark Mendel and M.

the punitive damages that would ultimately be awarded; and finally awarded $2 million in compensatory damages and $5 million in punitive damages to Mr. Edghill. For the purposes of this motion, I must accept these allegations as true.

## II. PROCEDURAL DUE PROCESS CLAIM

■ Section 1983 provides that any person who under color of state law deprives another individual of any rights, privileges, or immunities secured by the Federal Constitution and laws, shall be liable to the injured party. In other words, section 1983 provides an express private remedy only where *another* federal right has been violated. Plaintiffs in this action allege that their federal procedural due process rights were violated by the conspiratorial activity.

However, because creative attorneys began to dress up common law torts as procedural due process violations in order to state a section 1983 claim, the Supreme Court has limited the scope of procedural due process protection. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). These cases limited and defined the scope of procedural due process by focussing on: (1) whether an action was "authorized" or "unauthorized" by the state; and (2) whether there was an "adequate" or "inadequate" postdeprivation remedy. In *Parratt v. Taylor*, the Court held that a post-deprivation remedy satisfied due process where a state official negligently deprived a prisoner of property. The Court reasoned that no predeprivation remedy would be possible since "the deprivation did not occur as a result of some established

state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure." 451 U.S. at 543, 101 S.Ct. at 1917.

In *Hudson v. Palmer*, the Supreme Court extended the reasoning of *Parratt* to include cases of unauthorized intentional torts:

> While *Parratt* is necessarily limited by its facts to negligent deprivations of property, it is evident, as the Court of Appeals recognized, that its reasoning applies as well to intentional deprivations of property. The underlying rationale of *Parratt* is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur. We can discern no logical distinction between negligent and intentional deprivations of property insofar as the 'practicability' of affording predeprivation process is concerned. The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct. Arguably, intentional acts are even more difficult to anticipate because one bent on intentionally depriving a person of his property might well take affirmative steps to avoid signalling his intent.

468 U.S. at 533, 104 S.Ct. at 3203–04.

Since the Complaint alleges a violation of procedural due process rights, the issue in the instant case, as correctly framed by the Magistrate, is "whether the plaintiffs' claim that they were deprived of a fair trial

Mark Mendel, Ltd., the trial had become a circus, the very length of the trial had become unconscionable and incomprehensible, defendants M. Mark Mendel and M. Mark Mendel, Ltd. had succeeded in placing highly prejudicial and irrelevant evidence in the record, and defendant Snyder had exhibited bias and prejudice against plaintiffs herein.
Cplt. paragraph 6. The motion for disqualification was renewed after the completion of the presentation of evidence when Plaintiffs learned of more improper *ex parte* communications as well as

relationships between Defendant Snyder and at least one reputed organized crime figure in Atlantic City, New Jersey. Defendant Snyder had failed to disclose the relationships despite the fact that the *Edghill* case involved a magazine article about organized crime figures in Atlantic City and despite the fact that the name of one such reputed figure, Saul Kane, with whom defendant Snyder now admits he consorts, had come up at trial in *Edghill*.
Cplt. paragraph 19.

is barred by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) and their progeny." Report and Recommendation at 7.

The Magistrate concluded that their claim was barred by these cases. In order to do so, however, he had to deal with the seemingly dispositive language of *Labov v. Lalley*, 809 F.2d 220 (3d Cir.1987):

> ... *Parratt v. Taylor* and its progeny *do not apply to charges of intentional conspiratorial conduct under color of state law.* Such conduct, if it can be proved, is not the kind of isolated, unpredictable, and thus unpreventable conduct with which the Supreme Court purports to deal in the *Parratt v. Taylor* line of cases.

809 F.2d at 223 (emphasis added).

The Magistrate recommended that this language be treated as *dictum.*[3] In my view, the above-quoted language is an *alternative holding* rather than a gratuitous observation. The court in *Labov* held that the district court erred in dismissing the complaint in reliance on *Parratt v. Taylor.* The Court of Appeals gave two reasons for its decision. First, it concluded that the complaint alleged "intentional substantive violations of federally-protected liberty interests ..." 809 F.2d at 222. *"Moreover,* [with respect to the alleged procedural due process violation,] *Parratt v. Taylor* and its progeny do not apply to charges of intentional conspiratorial conduct ..." 809 F.2d at 223 (emphasis added). Because the court could have easily dealt with the procedural due process question before discussing the substantive due process issue, I conclude that neither discussion is *dictum* —each is an *alternative holding* entitled to

equal respect. *See United States v. Title Ins. & Trust Co.*, 265 U.S. 472, 486, 44 S.Ct. 621, 623, 68 L.Ed. 1110 (1924) ("Where there are two grounds, upon either of which an appellate court may rest its decision, and it adopts both, 'the ruling on neither is *obiter,* but each is the judgment of the court and of equal validity with the other.'") (quoting *Union Pacific R.R. Co. v. Mason City & Fort Dodge R.R. Co.*, 199 U.S. 160, 166, 26 S.Ct. 19, 20, 50 L.Ed. 134 (1905)).

The language in *Labov* is sweeping. It refers directly to "conspiratorial conduct," not "the type of conspiratorial conduct *alleged here*" or "*this* conspiratorial conduct." Plaintiffs have alleged conspiratorial conduct under color of state law. They have alleged a procedural due process violation that is not barred by the *Parratt v. Taylor* and *Hudson v. Palmer.* Consequently, they have adequately alleged a violation of 42 U.S.C. section 1983. Defendant's Motion to Dismiss for Failure to State a Claim will be denied.

## III. SUBSTANTIVE DUE PROCESS CLAIM

█ Plaintiffs also object to the Magistrate's Recommendation that the substantive due process claim be dismissed. They argue in effect that the law does or at least should recognize a *substantive* due process right to a fair trial.

Plaintiffs first cite *Bello v. Walker*, 840 F.2d 1124, 1129 (3d Cir.1988) in which the Third Circuit wrote that certain Supreme Court "cases [4] reveal that the deliberate and *arbitrary abuse of government power* violates an individual's right to substantive due process." 840 F.2d at 1129 (emphasis added). The court explained:

> them no forum in which to raise their claims and no adequate remedy under state law." Report and Recommendation at 12–13.

---

**3.** "The *Labov* case deals with a liberty interest protected by the First Amendment and therefore involves a deprivation of substantive due process. The plaintiff in *Labov,* therefore, could invoke [section] 1983 regardless of the availability of a state remedy. The constitutional violation is complete as soon as the prohibited action is taken. The above quote was not, therefore, necessary for the disposition of the case. Furthermore, the Court of Appeals found that the actions of the defendants in *Labov* were final and unappealable as to the plaintiffs, leaving

**4.** *See, e.g., Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

The plaintiffs in this case presented evidence from which a fact finder could reasonably conclude that certain council members, acting in their capacity as officers of the municipality improperly interfered with the process by which the municipality issued building permits, and that they did so for partisan political or personal reasons unrelated to the merits of the application for the permits. These actions can have no relationship to any legitimate governmental objective, and if proven, are sufficient to establish a substantive due process violation actionable under section 1983.

840 F.2d at 1129–30.

Plaintiffs also rely on *Ward v. Monroeville,* 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), in which an accused traffic offender challenged his conviction by a traffic court judge who had a pecuniary interest in the outcome of the case. The Court held:

> Respondent also argues that any unfairness at the trial level can be corrected on appeal and trial *de novo* in the County Court of Common Pleas. We disagree. This 'procedural safeguard' does not guarantee a fair trial in the [trial] court; there is nothing to suggest that the incentive to convict would be diminished by the possibility of reversal on appeal. Nor, in any event, may the State's trial court procedure be deemed constitutionally acceptable because that State eventually offers a defendant an impartial adjudication. *Petitioner is entitled to a neutral and detached judge in the first instance.*

409 U.S. at 61–62, 93 S.Ct. at 83–84 (emphasis added).

Defendants Mendel and M. Mark Mendell Ltd. argue that there is no *substantive* due process right to a fair trial. While their arguments are somewhat persuasive and might ultimately prevail, Plaintiffs at least *arguably* state a claim for relief. Due process is a fuzzy concept; and often the walls between substantive and procedural due process collapse. Having decided that the Plaintiffs make out a *procedural* due process claim, I conclude that it is better—

at least at the pleading stage—to resolve any doubts regarding the substantive due process claim in Plaintiffs' favor. Defendants' Motion to Dismiss will be denied.