SHEET METAL WRKS LOCAL 44, et al.

v.

SCRANTON SHEET METAL, et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

POWER MECHANICAL CORP., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

MARX SHEET METAL, INC., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

ESHENAURS, INC., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

SSM INDUSTRIES, INC., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

RADO ENTERPRISES, INC., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

JOHN F. MILES CO, INC., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

M & M SHEET METAL CO., et al.

SHEET METAL WRKS LOCAL 44, et al.

v.

DEL–BAR SHEET METAL CO. et al.

Civ. A. Nos. 1:CV–93–1526 through 1:CV–93–1534.

United States District Court, M.D. Pennsylvania.

June 29, 1994.

Wendy D. Bowie, Ira H. Weinstock, Ira H. Weinstock, P.C., Harrisburg, PA, for plaintiffs.

Charles P. Gelso, Wilkes–Barre, PA, for Scranton Sheet Metal, Marco Richione, III.

Sanford G. Rosenthal, Richard B. Sigmond, Sagot, Jennings & Sigmond, Philadelphia, PA, for National Stabilization Agreement for the Sheet Metal Industry Trust Fund.

## MEMORANDUM

CALDWELL, District Judge.

In each of these related actions, defendant, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), has filed a motion pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss the plaintiffs' claim against it. The plaintiffs, Sheet Metal Workers Local Union No. 44 (the "Union"), Sheet Metal Workers Local No. 44 Pension Fund, Sheet Metal Workers Local No. 44 Welfare Fund, and Sheet Metal Workers Local No. 44 Annuity Fund, filed these actions against the defendant employers and SASMI to recover delinquent payments due to the Pension Fund, Welfare Fund and Annuity Fund (collectively the "Funds"). We will evaluate the motions to dismiss under the well established standard. *See Labov v. Lalley,* 809 F.2d 220 (3d Cir. 1987).

The plaintiffs have also filed motions to amend their complaints to substitute for the Funds a trustee of each the Funds as a plaintiff. We will grant this motion on the condition that each of the amended complaints be in conformity with our decision on the defendant's motion to dismiss.

The complaints make the same claims although they differ on the amounts owing in each case. Count One is based on the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001–1461, and the Labor Management Relations Act (LMRA). 29 U.S.C. § 185. It alleges that the Pension, Welfare and Annuity Funds are employee benefit plans under ERISA. It seeks recovery against the employer named in each case for unpaid contributions required under a collective bargaining agreement.

Count Three is the claim against SASMI.[1] It avers that SASMI "is a welfare benefit trust fund established under § 302 of the Labor Management Relations Act for the exclusive benefit of employees and beneficiaries of persons employed in the sheet metal industry." (complaint in No. 1:CV–93–1526, ¶ 28). SASMI "maintains a benefit program under which it enters into agreements with certain employers and agrees to make contributions to certain employee benefit funds on behalf of the Fund's participants." (*Id.,* ¶ 30). "SASMI entered into an agreement with [each defendant employer] under which it agreed to pay to Plaintiff Funds contributions for each hour worked, on the job covered by the agreement, by [the defendant's] employees who were participants in Plaintiff Funds." (*Id.,* ¶ 31) (brackets added). The Union and each employer executed an addendum to the collective bargaining agreement requiring the employer "to contribute additional monies to SASMI to be used solely for the payment of benefits by SASMI under its agreement with" the employer. (*Id.,* ¶ 32). Plaintiffs aver that SASMI has failed to make the contributions to the Funds as required by its agreement with the employers, and the plaintiffs, as "intended third party beneficiaries" of that agreement seek recovery against it. (*Id.,* ¶¶ 34 and 35).

Because the complaints invoked supplemental jurisdiction under 28 U.S.C. § 1367, it appeared that plaintiffs were setting forth a state law cause of action, so SASMI understandably moved to dismiss based on pre-

emption of state law in relation to ERISA plans. *See generally Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474, 484 (1990). However, in opposition to the motion to dismiss, the plaintiffs argue that they are really setting forth a federal common law claim, relying on case law recognizing the authority of federal courts to create such a cause of action under the law of trusts in connection with ERISA-regulated plans. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Thus, although the plaintiffs probably originally intended Count Three to be a state law cause of action, the issue presented is whether fiduciaries of ERISA plans can assert a federal common law claim against a party that has contracted with an employer to pay the employer's obligations to the ERISA plans as intended third party beneficiaries of that contract. *See Provident Life & Accident Insurance Co. v. Waller,* 906 F.2d 985, 989 (4th Cir.1990) ("it is well settled that the courts may excuse pleading defects if the facts alleged in the complaint demonstrate the existence of a substantial federal question").

As conceded by SASMI, Congress has authorized federal courts to create an ERISA common law cause of action when it is "necessary to fill in interstitially or to otherwise effectuate the statutory pattern enacted in the large by Congress," *Plucinski I.A.M. National Pension Fund,* 875 F.2d 1052, 1056 (3d Cir.1989) (internal quotation marks and quoted case omitted), although the courts should not do so lightly. *Id.*

SASMI argues, however, that a common law cause of action should not be recognized here because ERISA already provides a remedy by authorizing suit by a fiduciary against an employer for delinquent contributions. *See Bricklayers And Allied Craftsmen International Union Local 33 Benefit Funds v. America's Marble Source, Inc.,* 950 F.2d 114, 121 (3d Cir.1991) (noting that authority for such a suit arises under 29 U.S.C.

---

1. Count Two, based on the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1–260.12 (Purdon 1992), was dismissed in No. 1:CV–93–1529 upon motion of the individual defendant in that case. The plaintiffs thereafter voluntarily agreed to dismiss this count in the other actions.

§§ 1132(a)(3), 1132(g)(2) and 1145). According to the defendant, when ERISA already provides a remedy, no common law cause of action can be created.

■ If the Funds were trying to sue only the employers under federal common law, we would agree with the defendant. *See Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1162 and n. 8 (3d Cir.1990) (claim by beneficiaries of an ERISA plan styled as one under federal common law was really one under section 1132(a)(1)(B) since that section authorized the cause of action being pursued). However, the Funds are also suing a party that contracted with the employers to make the contributions to the Funds required by the collective bargaining agreement. ERISA does not provide a cause of action in these circumstances, and it is therefore necessary to decide whether the plaintiffs can assert a common law cause of action. In making that decision, it is not fatal to the potential claim that ERISA provides a remedy against the employers.

*Northeast Department ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147 (3d Cir.1985), supports the latter point. At least two of the judges on the panel in that case recognized a federal common law cause of action for one ERISA plan fiduciary to sue another to obtain an adjudication of their responsibilities to a beneficiary covered under both plans even though the beneficiary had a cause of action under ERISA pursuant to section 1132(a)(1)(B) which could have resolved the controversy. Indeed, the case had started out as such a suit. Thus, the fact that the trustees in the instant case can sue the employers for the delinquent contributions, as they have in fact done in Count One of the complaint, does not preclude a federal common law cause of action.

■ We have decided that we should recognize such a cause of action in the instant case. Doing so aids the solvency of ERISA plans and thus furthers one of the primary purposes of ERISA, protecting plan beneficiaries, *see Peckham v. Gem State Mutual*, 964 F.2d 1043, 1051 (10th Cir.1992). *See also Agathos v. Starlite Motel*, 977 F.2d 1500 (3d Cir.1992) (detailing purpose behind passage of 29 U.S.C. § 1145, which facilitates the collection of amounts owed to plans by statutorily obligating employer to make contributions to a multiemployer plan if required by the terms of the plan or a collective bargaining agreement). In this regard, our ruling has the added advantage of not leaving it to the employer, as SASMI suggests, to pursue contractual remedies against a party defaulting on a promise to make contributions; the employer may not pursue such remedies depending on its circumstances. Our decision is also just a small step beyond the well established rule that fund fiduciaries can sue employers as third party beneficiaries of a collective bargaining agreement obligating an employer to make contributions. *See Agathos, supra; Carpenters Health & Welfare Trust Fund v. Bla-Delco Construction, Inc.*, 8 F.3d 1365, 1369 (9th Cir.1993). It is also in accord with the law of trusts which permits trustees to sue on contracts made on behalf of beneficiaries. *See* Restatement (Second) of Trusts § 280 (1959).

We also add that none of the factors that might counsel against permitting an ERISA common law cause of action are present in the instant case. It has been said that courts should not create a federal cause of action: (1) when it would conflict with ERISA; (2) discourage employers from creating ERISA plans; (3) conflict with the established provisions of an ERISA plan; and (4) would address issues having only a tangential relationship to the purposes of ERISA. *Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir.1992). As noted above, recognition of this cause of action not only does not conflict with ERISA but also furthers a primary purpose of the legislation. And SASMI does not argue that it conflicts with any of the plan provisions. Finally, our decision should not discourage employers from creating ERISA plans because it provides additional enforcement against parties who contract with the employer to pay contributions the employer owes to the plans.

We therefore recognize a federal common law right of ERISA fiduciaries as intended third party beneficiaries to sue a party that has contracted with an employer to pay the employer's obligations to the ERISA plans.

We exercise jurisdiction over this cause of action under 28 U.S.C. § 1331, the federal question jurisdictional section. *See generally, Airco Industrial Gases, Inc. v. Teamsters Health and Welfare Pension Fund,* 850 F.2d 1028 (3d Cir.1988).

 Our ruling allows the Funds' trustees to sue SASMI, but the Union is also suing in Count Three, and SASMI argues that we lack jurisdiction over this Count as to any claim on the part of the Union. The plaintiffs counter that jurisdiction can be based on 29 U.S.C. § 185, the same provision that allows the Union to sue the employers for delinquent contributions based on a violation of the collective bargaining agreement. *See, e.g., Sheet Metal Workers, Local 19 v. 2300 Group, Inc.,* 949 F.2d 1274, 1275 n. 1 (3d Cir.1991). We disagree with the plaintiffs and will dismiss the Union's attempt to pursue Count Three.

29 U.S.C. § 185(a) provides, in pertinent part, that district courts shall have jurisdiction over suits "for violation of contracts between an employer and a labor organization ..." Thus, as plainly stated by this section, jurisdiction under section 185(a) depends upon whether a suit is being brought on an agreement between an employer and a labor organization. *See International Brotherhood of Teamsters v. Western Pennsylvania Motor Carriers Ass'n,* 660 F.2d 76, 83 (3d Cir.1981). Count Three, unlike Count One, is not based on such an agreement. It is based on the agreement between the employer and SASMI, not on an agreement between the employer and the Union. The plaintiffs' proffered basis for jurisdiction as to the Union on Count Three therefore fails and we will dismiss it for lack of jurisdiction to the extent it seeks to assert a claim on behalf of the Union.

We will issue an appropriate order.

### ORDER

AND NOW, this 29th day of June, 1994, upon consideration of defendant, SASMI's, motion to dismiss Count Three and plaintiffs' motion to amend their complaint, it is ordered that:

1. SASMI's motion is denied as to the Funds and the Trustees and is granted as to the Union.

2. Plaintiffs' motion to amend their complaint is granted and the plaintiff shall have twenty days from the date of this order to file an amended complaint in conformity with the accompanying memorandum.