**SHEET METAL WRKS LOCAL 44, et al.**

v.

**SCRANTON SHEET METAL, et al.**

**SHEET METAL WRKS LOCAL 44, et al.**

v.

**POWER MECHANICAL CORP., et al.**

**SHEET METAL WRKS LOCAL 44, et al.**

v.

**MARX SHEET METAL, INC., et al.**

**SHEET METAL WRKS LOCAL 44, et al.**

v.

**JOHN F. MILES CO., INC., et al.**

Civ. A. Nos. 1:CV–93–1526, 1:CV–93–1527, 1:CV–93–1528 and 1:CV–93–1532.

United States District Court, M.D. Pennsylvania.

July 26, 1994.

Wendy D. Bowie, Ira H. Weinstock, P.C., Harrisburg, PA, Ira H. Weinstock, Harrisburg, PA, for Sheet Metal Workers Local Union No. 44, Sheet Metal Workers Local Union No. 44 Pension Fund, Sheet Metal Workers Local Union No. 44 Welfare Fund, Sheet Metal Workers Local Union No. 44 Annuity Fund.

Charles P. Gelso, Wilkes–Barre, PA, for Scranton Sheet Metal, Marco Richione, III.

Sanford G. Rosenthal, Philadelphia, PA, Richard B. Sigmond, Sagot, Jennings & Sigmond, Philadelphia, PA, for Nat. Stabilization Agreement for the Sheet Metal Industry Trust Fund.

### *MEMORANDUM*

CALDWELL, District Judge.

## I. *Introduction.*

In each of these related actions, defendant, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), has filed a motion pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the defendant employer's crossclaim against it. We will evaluate the motion under the well established standard. *See Labov v. Lalley,* 809 F.2d 220 (3d Cir.1987).

## II. *Background.*

The plaintiffs, Sheet Metal Workers Local Union No. 44 (the "Union"), Sheet Metal Workers Local No. 44 Pension Fund, Sheet Metal Workers Local No. 44 Welfare Fund, and Sheet Metal Workers Local No. 44 Annuity Fund, filed these actions against the defendant employers and SASMI to recover delinquent payments due to the Pension Fund, Welfare Fund and Annuity Fund (collectively the "Funds"). The complaints make the same claims although they differ on the amounts owing in each case. Count One is based on the Employee Retirement Income

Security Act of 1974 (ERISA), 29 U.S.C. § 1001–1461, and the Labor Management Relations Act (LMRA). 29 U.S.C. § 185, and seeks recovery against the employer named in each case on the basis of a collective bargaining agreement. Count Three, as determined by our memorandum and order, dated June 29, 1994, is a federal common law claim against SASMI, alleging that SASMI agreed with each defendant employer to pay to the plaintiff Funds the contributions owed by the employers.[1]

The employers answered the complaints and filed crossclaims against SASMI, which also asserted that SASMI had agreed with them to pay the contributions directly to the Funds. Alternatively, they alleged that they were third party beneficiaries of an agreement between the plaintiffs and SASMI by which SASMI agreed to make the contributions. The crossclaims seek contribution or indemnity from SASMI.

## III. *Discussion.*

■ SASMI has first moved to dismiss the crossclaims on the basis that its alleged agreement to pay each employer's contributions is a suretyship which, under the Pennsylvania Statute of Frauds, requires that the agreement be in writing. *See* 33 P.S. § 3 (Purdon 1967).[2] Since the employers do not allege that the agreements were in writing, SASMI contends that the crossclaims must be dismissed.

■ We reject this argument for the reasons advanced by the employers. First, we do not believe that the agreement can be considered one of surety. Typically, a surety agrees to fulfill another party's promise only if that party fails to perform. *See Reuter v. Citizens & Northern Bank,* 410 Pa.Super. 199, 207, 599 A.2d 673, 677 (1991) ("a surety

is one who undertakes to pay money or to do any other act in the event that his principal fails therein"). The averments here are that SASMI undertook directly to pay the contributions to the Funds without any precondition that the employers fail to perform.

■ Second, if SASMI did make the agreements, it might have done so to advance its own goal of preserving employment for union workers. In this event, the Statute of Frauds would not apply because SASMI would have made the agreement for its own business purpose rather than to benefit the employers. As noted in *Biller v. Ziegler,* 406 Pa.Super. 1, 8, 593 A.2d 436, 440 (1991), "where the surety-promisor's main purpose is his own primary or business advantage, the *gratuitous or sentimental* element often present in suretyship is eliminated ... Thus, there is less need for cautionary or evidentiary formality in the commercial context."

Finally, the Statute of Frauds requires only "some memorandum or note ... signed by the party to be charged...." The employers represent that discovery so far has revealed such writings. In these circumstances, we should not grant a motion to dismiss since it is not certain that the employers could not state a claim that would survive a defense based on the Statute of Frauds.

■ SASMI next argues that the crossclaims violate Fed.R.Civ.P. 13(g) which states, in pertinent part, as follows:

"A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter ... of the original action ... Such crossclaim may include a claim that the party against whom it is asserted is or may be liable to the cross-

---

1. Count Two, based on the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1–260.12 (Purdon 1992), was dismissed in No. 1:CV–93–1529 upon motion of the individual defendant in that case. The plaintiffs thereafter voluntarily agreed to dismiss this count in the other actions.

2. Section 3 provides as follows:
No action shall be brought whereby to charge any executor or administrator, upon

any promise to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized.

claimant for all or part of a claim asserted in the action against the cross-claimant." SASMI asserts that the crossclaims do not arise from the same transaction or occurrence because the plaintiffs' ERISA claim in count I of each complaint is based on the collective bargaining agreement and the crossclaims are based on a separate contract.

In a related argument, SASMI also questions our supplemental jurisdiction to entertain the crossclaims because, in its view, there is no common nucleus of operative facts with the ERISA claim in count I. In support of this argument, SASMI cites *Citizens Marine National Bank v. United States Department of Commerce,* 854 F.2d 223 (7th Cir. 1988), and *Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.,* 823 F.Supp. 1191 (E.D.Pa.1993).

The motion now under consideration was filed before we decided that the plaintiff Fund Trustees could maintain a cause of action in count III of the complaint under the federal common law as third party beneficiaries of an alleged agreement between the employers and SASMI that would require SASMI to pay the contributions. Whatever might be said about the crossclaims' connection to count I, they certainly arise from the same transaction as count III of the complaint. For supplemental jurisdictional purposes, they also arise from a common nucleus of operative facts with that count. Both count III and the crossclaims deal with SASMI's alleged agreement, either with the plaintiffs or the employers, to make the contributions on behalf of the employers.

We also note that the cases cited by SASMI are distinguishable. In *Citizens Marine National Bank,* the Seventh Circuit did hold that the district court's jurisdiction over one guaranty of a bank loan did not supply the court with jurisdiction over another guaranty of the same loan. However, a careful reading of the case indicates that the guaranties were not only separate but also independent. Liability on one was not tied to the other. In the instant case, on the other hand, the claims against SASMI are based on SASMI's alleged agreement (whether an agreement made with the plaintiffs or the employers) to pay each employer's liability under the collective bargaining agreement, so the agreements at issue here are connected. In regard to *Glaziers and Glassworkers,* it is sufficient to distinguish that case on the basis that here the plaintiffs still have a federal claim against SASMI while in that case there were no longer any federal claims remaining against the defendants the crossclaimants wished to retain in the case on the basis of state law.

We will issue an appropriate order.