

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2007

# Heleva v. Kramer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Heleva v. Kramer" (2007). *2007 Decisions.* Paper 1734.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1734

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1538
_____

DANIEL A. HELEVA,
Appellant

v.

SGT. JOSEPH KRAMER;
MICHAEL TAEBERRY, Director of Treatment;
DEPUTY WARDEN PAUL JENNINGS;
WARDEN DAVID KEENHOLD

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D. C. Civil No. 05-cv-01139)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
December 26, 2006

Before:  RENDELL, COWEN and VAN ANTWERPEN, Circuit Judges

(Filed January 29, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Daniel A. Heleva appeals from the District Court's dismissal of his complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons that follow, we will affirm in

part, reverse in part, and remand for further proceedings consistent with this opinion.

## I.

Heleva is currently incarcerated at SCI-Albion. He filed pro se and later amended a 42 U.S.C. § 1983 complaint, alleging that defendants violated his First Amendment right to exercise his religion and unfairly administered prison grievance procedures while he had been incarcerated at a different facility.

In particular, Heleva alleges that his sister arranged to have two books, entitled Survival Kit: 5 Ways to Spiritual Growth and The Power of a Praying Parent, shipped to him in prison from a company called Lifeway Christian Resources. According to Heleva, he required these books to "learn to pray constructively and offer [his] concerns to the grace of his God." (Am. Compl., Heleva Aff. at 2.) Heleva further alleges that defendants intentionally deprived him of these books for approximately six months, first by claiming that they had been lost and then both by claiming that they were unauthorized because they were "oversized" and by obstructing his efforts to challenge that determination through the prison's grievance procedures. Heleva ultimately obtained the books by writing directly to defendant Keenhold.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We must accept as true the factual allegations in the

2

complaint and all reasonable inferences that can be drawn therefrom." Id.

Heleva's complaint can fairly be read to assert two claims, one premised on a violation of his First Amendment right to exercise his religion and one premised on defendants' alleged obstruction of the prison grievance process. The District Court erred in dismissing the first claim. When a prisoner claims that his or her right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is "both sincerely held and religious in nature." DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000). If so, the court must then apply the four-factor test set forth in Turner v. Safly, 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests." DeHart, 227 F.3d at 51.[1] Here, Heleva has alleged his religion and has alleged both the manner in which he sought to exercise it and the manner in which defendants prevented him from doing so. That is all he was required to do at this stage.

The District Court, however, dismissed this claim on two grounds. First, the District Court reasoned that "[w]hile Heleva identifies the books as 'religious,' the titles suggest that the books are self-help spiritual books" and concluded that there is thus "no indication that the denial of the books adversely impacted a sincerely held religious belief." (Jan. 27, 2006 Order at 3.) By inferring that the books in question are not

_____

[1] Although the Turner test was articulated in the context of challenges to prison regulations, as opposed to challenges to individual conduct, the analysis in the later context is the same. See Ford v. McGinnis, 352 F.3d 582, 595 n.15 (2d Cir. 2003).

religious, the District Court disregarded its obligation to draw reasonable inferences from the complaint in Heleva's favor. Moreover, the District Court's distinction between religion and "spiritual self-help" is untenable. See Sutton v. Rasheed, 323 F.3d 236, 251 (3d Cir. 2003) (explaining that Free Exercise Clause protects beliefs that are "religious in nature" but not "[p]urely secular views"). Because Heleva adequately alleges that defendants curtailed his exercise of a sincerely-held religious belief, the District Court should have allowed his claim to proceed for an evaluation under Turner.[2]

The District Court's second reason for dismissing this claim was also erroneous. The District Court reasoned that "the loss of personal property at the hands of a state actor does not constitute a constitutional violation if a meaningful post-deprivation remedy is available" and concluded that Pennsylvania tort law provides such a remedy here. (Jan.

---

[2] Appellees argue that the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4, requires Heleva to allege a "substantial burden" on religious exercise and that a six-month delay in receiving his books does not qualify. The relevant statute is the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, not RFRA, which the United States Supreme Court has ruled unconstitutional as applied to the states. See Cutter v. Wilkinson, 544 U.S. 709, 714-15 (2005) (recounting history of both statutes). In any event, claims under the First Amendment and claims under RLUIPA or RFRA are distinct. See Williams v. Bitner, 455 F.3d 186, 189, 194 (3d Cir. 2006); Henderson v. Terhune, 379 F.3d 709, 715 n.1 (9th Cir. 2004). Heleva's complaint asserts a First Amendment free exercise claim, so that claim must be evaluated under Turner. We have not imposed a "substantial burden" requirement on such claims. See Williams v. Morton, 343 F.3d 212, 217 (3d Cir. 2003); Tenafly Eruv Ass'n v. Borough of Tenafly, 309 F.3d 144, 170 (3d Cir. 2002). We express no opinion on whether Heleva states a RLUIPA claim, but, as his First Amendment claim proceeds on remand, the District Court should evaluate it under RLUIPA as well. See Hammons v. Saffle, 348 F.3d 1250, 1258 (10th Cir. 2003).

27, 2006 Order at 3) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). That conclusion misconstrues the nature of Heleva's claim. Heleva's claim is not merely that defendants deprived him of property, but that by doing so they deprived him of his right to exercise his religion. The availability of a state-law remedy for the deprivation of property is not determinative. See Labov v. Lalley, 809 F.2d 220, 222-23 (3d Cir. 1987); Sizemore v. Williford, 829 F.2d 608, 611 (7th Cir. 1987).

The District Court was correct, however, in concluding that defendants' alleged obstruction of prison grievance procedures does not give rise to an independent claim. Prisoners do not have a constitutional right to prison grievance procedures. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Thus, defendants' alleged obstruction of such procedures is not independently actionable. Because Heleva alleges that such obstruction was one of the ways in which defendants prevented him from exercising his religion, however, that alleged obstruction may properly be considered as a component of his First Amendment claim.

Accordingly, we will affirm the District Court's ruling that defendants' alleged obstruction of prison grievance procedures does not, by itself, state a claim, but will reverse its ruling that Heleva has not stated a free exercise claim under the First Amendment.

5