

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# Daniel Heleva v. Paul Jennings

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Daniel Heleva v. Paul Jennings" (2009). *2009 Decisions.* Paper 1323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3408
_____

DANIEL A. HELEVA,

Appellant

v.

SGT. JOSEPH KRAMER;
MICHAEL TAEBERRY, Director of Treatment;
DEPUTY WARDEN PAUL JENNINGS;
WARDEN DAVID KEENHOLD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-1139)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2009

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : May 22, 2009)

_____

OPINION
_____

PER CURIAM

1

Daniel A. Heleva, pro se, appeals from the District Court's grant of the appellees' motion for summary judgment. For the reasons that follow, we shall affirm the District Court's order.

Heleva is currently incarcerated at SCI-Albion. He filed a 42 U.S.C. § 1983 complaint, alleging that the appellees violated his First Amendment right to exercise his religion and unfairly administered the prison grievance procedures during his incarceration at another facility. Heleva alleged in particular that they had intentionally deprived him for a period of at least eight months of two books sent to him by his sister entitled Survival Kit: 5 Ways to Spiritual Growth and The Power of a Praying Parent. Heleva argued that he needed those books to "learn to pray constructively and offer [his] concerns to the grace of his God." The appellees argued that the prison had a policy of only accepting books that were directly shipped from publishers or that contained the publisher's invoice, which reduces the amount of contraband coming into the prison. They maintained that Heleva did not receive his books because the invoice was missing.

The District Court, finding that Heleva had not stated a free exercise claim under the First Amendment, dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also determined that Heleva's alleged obstruction of prison grievances did not give rise to an independent constitutional claim. On appeal, this Court affirmed in part and reversed in part. Heleva v Kramer, 214 Fed. Appx. 244 (3d Cir. 2007). We found that Heleva had in fact stated a free exercise claim under the First Amendment but agreed

2

that there was no separate claim for violation of prison grievances. We also instructed the District Court to evaluate whether Heleva's claims implicated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5.

On remand, the District Court granted the defendants' motion for summary judgment on the First Amendment and RLUIPA claims. The District Court found that the prison's policy did not violate Heleva's First Amendment rights under Turner v. Safley, 482 U.S. 78, 89 (1987). The District Court also held that the prison had not violated RLUIPA because Heleva did not show that his religious exercise had been burdened substantially by the challenged conduct. Heleva filed a timely appeal.

Because summary judgment is appropriate only where there is no issue of material fact and judgment is appropriate as a matter of law, our review of a grant of summary judgment is plenary. Rosen v. Bezner, 996 F.2d 1527, 1530 (3d Cir. 1993) (citing Jefferson Bank v. Progressive Cas. Ins. Co., 965 F.2d 1274, 1276 (3d Cir. 1992). After reviewing the record, we will affirm the District Court's grant of summary judgment.

To establish a free exercise violation, Heleva must show that the appellees burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. The Turner test requires that:

> First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it, and this connection must not be so remote as to render the policy arbitrary or irrational. Second, a

court must consider whether inmates retain alternative means of exercising the circumscribed right. Third, a court must take into account the costs that accommodating the right would impose on other inmates, guards, and prison resources generally. And fourth, a court must consider whether there are alternatives to the regulation that fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests.

DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000)(internal footnotes and citations omitted). After reviewing the record, we agree with the District Court's holding. The prison policy is clearly a legitimate one, meant to serve the purpose of reducing prison contraband.[1] As defendants Kramer and Jennings stated in their depositions, the reason Heleva did not receive his books is because they did not come with an invoice from the publisher.[2] As soon as it was determined that the invoices were received, Heleva's books were delivered to him. Furthermore, even though Heleva experienced a significant delay in the delivery of those books, he still had access to many other similar books of a religious nature through the prison library system.

The District Court next determined that the appellees were entitled to summary judgment under RLUIPA. Under RLUIPA, "[a] plaintiff-inmate bears the burden to

---

[1]A policy similar to the MCCF's publisher's only policy was held to be constitutional by the Supreme Court in Bell v. Wolfish, 441 U.S. 520, 548-55 (1979); see also Hurd v. Williams, 755 F.2d 306 (3d Cir. 1985).

[2]Heleva does not challenge the prison's policy. He complains that Sergeant Kramer did not deliver the books promptly as a matter of personal dislike. Accepting this allegation as true, as we must in a summary judgment context, we nevertheless affirm the District Court's holding.

show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion." <u>Washington v. Klem</u>, 497 F.3d 272, 278 (3d Cir. 2007). A substantial burden exists where: "1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." <u>Id.</u> at 280. Heleva argued that "Sgt. Kramers actions imposed that burden by refusing literature designed to uphold and strengthen petitioners faith in God and find solace in the fact that his children would be protected." Although an eight-month delay is undoubtedly a burden, Heleva does not demonstrate that the prison policy resulted in a *substantial* burden under RLUIPA and <u>Washington</u>. At no point did Heleva have to abandon one of the precepts of his Christian religion, nor did the government put pressure on him to substantially modify his behavior or violate his beliefs.

Finally, we note that Heleva requested the appointment of counsel, which the District Court denied. The District Court's authority to appoint counsel to represent an indigent litigant in a civil case derives from 28 U.S.C. § 1915(e)(1), which gives district courts broad discretion to request an attorney to represent an indigent civil litigant. Such litigants have no statutory right to appointed counsel. <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993). In light of our decision on the merits of Heleva's claims, we conclude that

the District Court did not abuse its discretion in denying the request for counsel.

In conclusion, we will affirm the District Court's grant of summary judgment.