Janet L. DANLEY and Luther Danley, husband and wife, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Civ. A. No. 1:CV–92–1441.

United States District Court, M.D. Pennsylvania.

Dec. 10, 1992.

---

John W. Thompson, Jr., York, PA, for plaintiff.

Rolf E. Kroll, Harrisburg, PA, for defendant.

MEMORANDUM

CALDWELL, District Judge.

Before us is defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss certain parts of the complaint, which seeks redress for alleged failure to pay benefits under a first-party automobile insurance contract. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## I. *Facts*

Sometime before February, 1989, defendant State Farm Mutual Automobile Insurance Company ("State Farm") issued a motor vehicle insurance policy to plaintiffs Janet and Luther Danley. Janet Danley suffered injuries as a result of an automobile accident on February 10, 1989. Plaintiffs made a claim for damages to State Farm and have brought this lawsuit alleging that State Farm wrongfully and in bad faith denied the claim. Plaintiff characterizes the claim as one for lost wages, although the language of the complaint is ambiguous.[1] On October 20, 1992, defendant filed the pending motion to dismiss.

## II. *Law and Discussion*

We will consider the motion according to the well-established standard. In considering a motion under Rule 12(b)(6), we must accept as true all the well-pleaded allegations of the complaint and construe them favorably to the plaintiff. We cannot grant the motion unless the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Labov v. Lalley*, 809 F.2d 220 (3d Cir.1987).

We believe the issue presented in the pending motion can be narrowly stated: Can a plaintiff seeking first-party insurance wage-loss or medical benefits as the result of an automobile accident claim punitive damages against an insurer under 42 Pa.Cons.Stat. § 8371?

Section 8371 was enacted by the Pennsylvania legislature in 1990 and allows insured parties to seek punitive damages for bad-faith claim denials by insurance companies. It makes no mention of automobile insurance in particular. Prior to the enactment of § 8371, the Pennsylvania courts had not recognized a claim for punitive damages in insurance cases. *D'Ambrosio v. Pennsylvania National Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981). Section 8371 was the legislative response to *D'Ambrosio*.

---

1. The complaint speaks of "economic loss." Plaintiffs filed this lawsuit in the Court of Common Pleas of York County, Pennsylvania. De-

fendant removed the action to this Court on October 13, 1992.

As we have noted, the complaint in the instant case is not clearly limited to claims arising from wage loss, and we must briefly address whether a plaintiff can seek punitive damages under § 8371 for denials of medical benefits arising in the auto insurance context.

### A. Medical Benefits

■ It has been consistently held that a plaintiff may not seek punitive damages under § 8371 for denial of medical benefits under an auto insurance contract. *See Yeager v. State Farm*, slip op. No. 92–830 (M.D.Pa. September 24, 1992) (Caldwell, J.); *Riddell v. State Farm*, 1992 WL 209971 (M.D.Pa. July 9, 1992) (McClure, J.). Courts exploring the issue have determined that § 8371 conflicts with 75 Pa.Cons.Stat. § 1797(b), a part of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat. § 1701, *et seq.* ("MVFRL"). § 1797(b) sets out the process an insured party must undertake to challenge a denial of a claim for medical benefits and allows a court to assess treble damages against an insurer deemed to have denied a claim "wantonly." § 1797(b)(4). Other provisions of § 1797 make it impossible to reconcile it with § 8371 and courts have properly held that § 1797 provides the exclusive remedy in the auto insurance medical claim area.[2] As such, we will dismiss any portion of the complaint that might be construed to request punitive damages under § 8371 for medical benefit denial.

### B. Wage Loss Benefits

Most courts, including this one, that have addressed the issue of punitive damages in the first-party auto insurance context have not distinguished between claims for medical benefits and those for wage loss. This is because the cases have arisen largely in the medical benefit context.[3]

Two courts have concluded that § 8371 does not apply to wage-loss claims. Because we believe this issue warrants close scrutiny, we will review those cases in some detail.

Recently, we examined a case involving both wage-loss and medical claims in which the plaintiff sought punitive damages under § 8371. *Yeager v. State Farm, supra.* In *Yeager*, we held that § 8371 did not apply retroactively and we, therefore, did not apply it in that case. In dictum, we noted that the prevailing case law precluded application of § 8371 to first-party auto insurance cases. Because the issue was not squarely before us, we examined it no further.

*Yeager* was not a case of first impression in the Middle District of Pennsylvania. Judge McClure of this Court was confronted with a similar issue in *Riddell, supra.* There, the plaintiff sought punitive damages for a denial of wage-loss and medical benefits under an auto insurance contract. Judge McClure noted that the issue of applying § 8371 in the wage-loss setting was unsettled. He concluded that § 1797 of the MVFRL spoke only to medical benefits and, so, that section did not exclude application of § 8371. However, the court did find a conflict between § 8371 and 75 Pa. Cons.Stat. § 1716, another part of the MVFRL. Section 1716 governs payment of overdue benefits.

> Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits.... Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. In the event the insurer is found to have acted

---

2. The Pennsylvania statutory construction act, 1 Pa.Cons.Stat. § 1933, requires a court examining two statutes to give effect to both when possible, and to the more specific of the two if they are irreconcilable.

3. *See, Carson v. ITT Hartford Insurance Group*, No. 91–3113, 1991 WL 147469, 1991 U.S.Dist. LEXIS 10451 (E.D.Pa. July 24, 1991) 1991 WL 147469 at *3, 1991 U.S.Dist. LEXIS 10451 at *9;

*Danton v. State Farm*, No. 91–0013, 1991 WL 52794, 1991 U.S.Dist. LEXIS 4621 (E.D.Pa. April 5, 1991) 1991 WL 52794 at *1, 1991 U.S.Dist. LEXIS 4621 at *1; *Danyo v. State Farm*, slip op. No. 91–1246 (M.D.Pa. October 25, 1991) (Caldwell, J.) at typeset 1; *Forstater v. State Farm, et al.*, slip op. No. 91–6539, 1992 WL 50068 (E.D.Pa. March 10, 1992) at typeset 1; *Snyder, et al. v. State Farm*, slip op. No. 91 SU 04961 01 (C.P. York County October 1, 1992) at typeset 7;

in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

The *Riddell* Court held that "[i]t is clear that the relief provided by sections 8371 and 1716 is irreconcilably inconsistent, as is that provided by sections 8371 and 1797." Based on this analysis, the court concluded that § 8371 can not be applied to claims for *either* wage-loss or medical benefits stemming from auto insurance policies.

■ We arrive at a different conclusion. In *Seeger by Seeger v. Allstate Ins. Co.*, 776 F.Supp. 986 (M.D.Pa.1991) (Caldwell, J.), we held that:

we see no conflict between section 1716 and section 8371. Section 1716 provides that overdue benefits—benefits not paid within thirty days after the company receives reasonable proof of amount—shall bear interest at twelve per cent, and that a company shall be liable for attorney's fees if benefits have been withheld because a company "acted in an unreasonable manner." The section does not provide that this shall be the company's only liability.

*Id.* at 991. In *Seeger*, we viewed § 1716 and § 8371 as penalizing insurers for different transgressions; section 1716 speaks of "unreasonable" conduct and § 8371 speaks of "bad faith" conduct. They are not the same. An "unreasonable" act is one that the actor *objectively* should not have made, but it is not necessarily one made in "bad faith." *Kulwicki v. Dawson*, 969 F.2d 1454, 1468 (3d Cir.1992). "Bad faith" implies an actual, subjective decision to commit a wrong act. *Wyatt v. Cole*, — U.S. —, —, 112 S.Ct. 1827, 1835, 118 L.Ed.2d 504 (1992). An insurer who agrees to pay a claim but who misplaces the file and forgets to mail the check acts unreasonably but not in bad faith. An insurer who knows it should pay a claim and refuses to do so acts both unreasonably and in bad faith. The sanctions are also different. Section 1716 allows an award of interest and attorney's fees. Section 8371 allows interest and punitive damages. We do not view the two sections as incompatible. *Seeger, supra.* We conclude that the statutes can co-exist and that a plaintiff can claim punitive damages under § 8371 for denial of a wage-loss claim under an auto insurance policy.[4] We will, accordingly, deny defendant's motion to dismiss as it pertains to punitive damages arising from the wage-loss denial.

### III. *Conclusion*

This motion places us in the undesirable position of interpreting and reconciling two state statutes. The Pennsylvania Supreme Court has not yet confronted this issue and, so, we may not seek guidance from that court. We believe, however, that the distinction we have drawn between § 8371 claims arising from denials of medical claims and § 8371 claims arising from denials of wage-loss claims is the proper statutory construction.

An appropriate order will issue.

### ORDER

AND NOW, this 10th day of December, 1992, upon consideration of defendant's motion to dismiss, it is ordered that:

1. Defendant's motion is granted in part.

2. Any portion of the complaint that might be construed as requesting punitive damages under 42 Pa.Cons.Stat. § 8371 for denial of *medical benefits* is dismissed.

3. The motion is denied in all other respects.

---

and *Williams v. State Farm*, 763 F.Supp. 121, 123 (E.D.Pa.1991).

**4.** The statutes set out different interest rates, but we do not see that difference as a substantial conflict.