Genevieve BENNETT, et al.

v.

STATE FARM FIRE & CASUALTY
INS. CO.

Civ. A. No. 95–CV–1270.

United States District Court,
E.D. Pennsylvania.

July 31, 1995.

Julie L. Von Spreckelsen, Green and Simon, Glenside, PA, for plaintiffs.

Moira Clare Duggan, Bennett, Bricklin & Saltzburg, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Defendant, State Farm Fire and Casualty Company, has moved this Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint was originally filed in the Court of Common Pleas, Bucks County, Pennsylvania in January, 1995. The action was removed to this Court under 28 U.S.C. § 1441 based on diversity jurisdiction. On June 21, 1995, this Court denied Plaintiffs' Motion to Remand the action.

According to the Complaint, Plaintiff Genevieve Bennett was in a car accident in 1993. Following the accident, eleven entities, also plaintiffs in the action, (Provider Plaintiffs) provided medical services to Ms. Bennett. At the time of the accident, Ms. Bennett was insured by State Farm, and pursuant to that insurance policy, Ms. Bennett presented it with a claim for injuries and/or damages. State Farm has refused to make any payments to Plaintiffs, and this litigation has resulted. Plaintiffs seek $42,267.15 in damages from State Farm, as well as reasonable attorney's fees, penalties, punitive damages, interest and costs under the Motor Vehicle Financial Responsibility Law, 75 Pa. Cons.Stat.Ann. §§ 1701–1799.7 (Supp.1995) (MVFRL), as well as 42 Pa.Cons.Stat.Ann. § 8371 (Bad Faith Act), and 40 Pa.Cons.Stat. Ann. §§ 1171.1–1171.15 (1992) (Unfair Insurance Practices Act).

■ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

Defendants make three arguments why the Complaint should be dismissed. First, that Plaintiffs cannot, as a matter of law, recover punitive damages under the Bad Faith Act because the MVFRL is the sole cause of action for automobile insurance actions. Second, that Ms. Bennett's medical providers have no standing to sue under the Bad Faith Act. Third, that Ms. Bennett is barred by *res judicata* from asserting either her MVFRL or Bad Faith Act claims by the holding in *Brownell v. State Farm Mutual Automobile Insurance Company*, No. 90–2224 (E.D.Pa. May 4, 1993) (Dalzell, J.).

■ We address Defendant's third argument first. *Res judicata*, now known as claim preclusion, applies when, "in two actions, there is (1) an identity in the thing sued upon (2) identity in the cause of action (3) identity of persons and parties to the action, and (4) identity of the capacity of the parties suing or sued." *In re Jones & Laughlin Steel Corp.*, 328 Pa.Super. 442, 477 A.2d 527, 530–31 (1984) (citing cases); *Sea–Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). The burden of proving the elements of *res judicata* is on the party asserting it. 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 4405 at 38 (1981).

■ *Brownell* was a class action, and the class was constituted of all persons and entities insured by a State Farm motor vehicle insurance policy issued for a motor vehicle registered in Pennsylvania, and/or including any person who submitted a Medical Payment Coverage claim to State Farm for injuries arising out of the use, operation or maintenance of a motor vehicle in Pennsylvania from February 24, 1984 to the date of the

final Order, May 4, 1993. By virtue of the Order issued by Judge Dalzell, all claims by members of the class which were or could have been at issue and/or asserted were dismissed. These dismissed claims included actions under the MVFRL, the Bad Faith Act and the Unfair Insurance Practices Act.

State Farm argues that because Ms. Bennett did not "opt-out" of the class, demonstrated by a list attached to the Order, she is a member of the class. State Farm further argues:

> All of the elements [of *res judicata*] set forth in *Sea–Land Services* are present here. The court deciding *Brownell* was a court of competent jurisdiction and entered a final judgment on the merits. Having failed to opt out of the *Brownell* class action, Genevieve Bennett was a plaintiff in that case, as well as in this one, and is bound by all of the rulings in that action.

Plaintiffs, in contrast, argue that her claims did not even accrue until after the *Brownell* case settled. She argues therefor, that *Brownell* does not apply because Ms. Bennett cannot be considered part of a class that litigated and resolved their claims before her claim arose.

State Farm does not explain why this Court should rule that Ms. Bennett is properly considered a member of the *Brownell* class. For example, State Farm has not informed this Court whether it considered Ms. Bennett to be a member of the class, and therefore included her in the mailed notice requirements of the Order. *See* Final Order, p. 2, ¶ 5. The Order is silent as to the nature of the claims in *Brownell*, so that we cannot reasonably conclude that the issues are the same. The only justification we can discern for finding that Ms. Bennett is a member of the class is that Ms. Bennett was insured by a State Farm motor vehicle insurance policy issued for a motor vehicle registered in Pennsylvania during the time period covered by the class action. Without more, though, we will not rule that the *Brownell* court intended to preclude all people who held State Farm automobile insurance for that ten year period from ever asserting claims against State Farm, especially when those claims accrued after *Brownell* settled. We

find that State Farm has not met its burden of showing that *res judicata* should apply to Ms. Bennett's claims, and therefore, deny this portion of State Farm's motion to dismiss.

State Farm's second argument is that the Provider Plaintiffs do not have standing to sue under the Bad Faith Act. State Farm's brief argument on this issue is that the Bad Faith Act provides a remedy when "the insurer has acted in bad faith toward the insured." 42 Pa.Cons.Stat.Ann. § 8371. Therefore, State Farm asserts, because the Provider Plaintiffs are not the insured, they have no cause of action.

Plaintiffs' response to this argument is simply that "medical care providers are considered beneficiaries under the policy of insurance." Pls.' Brief at 17 (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1106 (E.D.Pa.1992) (executrix of insured's estate able to bring action for punitive damages in action arising under insurance contract)). As will be seen below, an insured under an automobile contract has no cause of action under the Bad Faith Act for denial of first-party medical benefits. Although the Complaint is unclear as to what exactly Provider Plaintiffs seek, it appears that their only claims against State Farm are for denial of first-party medical benefits. Therefore, the MVFRL is the sole remedy for the Provider Plaintiffs as well as for Ms. Bennett. *Rottmund*, which Plaintiffs cite, does not conflict with this holding because the plaintiff in *Rottmund* made no claim under the MVFRL. Accordingly, we find that Provider Plaintiffs have no cause of action under § 8371.

Finally, and most extensively argued by the parties, is the question whether the MVFRL is the sole and exclusive remedy available to Plaintiffs, or if the Bad Faith Act and its provision for punitive damages can also be used. We are somewhat hamstrung in deciding this question because the Complaint does not specify under which section of the MVFRL Plaintiffs seek to recover. Instead, the Complaint merely alleges that Ms. Bennett has had damages of medical benefits, income loss benefits and other benefits,

and that "Defendant, State Farm, has not paid to the Plaintiff said benefits to which Plaintiffs are entitled under 75 Pa.C.S. § 1701, et seq., nor has the Defendant committed itself to pay such benefits." Complaint ¶¶ 17–19, 24.

■ Numerous courts on both the state and federal level have held that the remedies of the Bad Faith Act are so different from the remedies under the MVFRL's § 1797 for first-party medical benefits that the Bad Faith Act cannot be used in conjunction with claims for those benefits. *See e.g. Batoff v. State Farm Ins. Co.,* No. 90–6420, 1992 WL 59142, 1992 U.S.Dist. Lexis 3501 (E.D.Pa. March 23, 1992); *Livecchi v. Prudential Pro. & Cas. Ins. Co.,* No. 91–3712, 1992 WL 22233, 1992 U.S.Dist. Lexis 1105 (E.D.Pa. Feb. 4, 1992); *Baren v. Nationwide Ins. Co.,* No. 965, 1991 Phila.Cty.Rptr. Lexis 116 (C.P. Nov. 8, 1991) (Phil.Cty.) *and* cases cited therein. These holdings are largely based on the Pennsylvania doctrines which provide that a statute should be construed so as to give effect to all of its provisions, and that a court must assume that the legislature did not intend an unreasonable, absurd or illogical result. *Baren,* 1991 Phila.Cty.Rptr. Lexis 116 at *4 (citing 1 Pa.Cons.Stat.Ann. § 1921). If two statutes conflict, a court should conclude that the more specific provisions are intended as an exception to the more general provisions. *Gemini Physical Therapy & Rehab. Inc. v. State Farm Mut. Auto. Ins. Co.,* 40 F.3d 63, 67 (3d Cir.1994). Based on this wealth of caselaw, and what we consider to be the most reasonable interpretation of the statutes at issue, we dismiss any claim under the Bad Faith Act for first-party medical benefit denial. *Danley v. State Farm Mut. Auto. Ins. Co.,* 808 F.Supp. 399, 401 (M.D.Pa.1992).

However, the Complaint does not appear to limit itself to a claim for first-party medical benefits under 75 Pa.Cons.Stat.Ann. § 1797. Instead, it makes reference to the entire MVFRL, other sections of which grant additional remedies, such as lost wages. *See e.g.* 75 Pa.Cons.Stat.Ann. § 1716. Several cases have held that a claim can be brought under both the MVFRL and the Bad Faith Act for wage loss claims because the provisions of each section are reconcilable. *Danley,* 808 F.Supp. at 402; *Seeger v. Allstate Ins. Co.,* 776 F.Supp. 986, 991 (M.D.Pa.1991); *M.S. Hershey Med. Ctr. v. State Farm Ins.,* 21 Pa.D. & C.4th 62, 72 (1992) (Franklin Cty.). *See also, Gavaghan v. Replacement Rent–A–Car,* 811 F.Supp. 1077, 1080 (E.D.Pa.1992) (Bad Faith Claim can be brought in a MVFRL case not involving first party medical benefits); *Conway–West v. State Farm Ins. Co.,* 19 Pa.D. & C.4th 84, 87 (1993) (Monroe Cty.) ("there may be circumstances where a bad-faith action under section 8371 may be maintained consistent with the MVFRL"); *but cf. Batoff,* 1992 WL 59142, at *2, 1992 U.S.Dist. Lexis 3501, at *7 ("plaintiff may not bring an action under both the MVFRL" and Bad Faith Act); *Baren,* 1991 Phila.Cty.Rptr. Lexis 116 at *6 (Bad Faith Act never available with MVFRL).

■ On a motion to dismiss, we construe the Complaint liberally and only dismiss a claim if it appears that no state of facts could be proven to support the claim. We do not find, at this preliminary stage, that Defendant has made this showing. Ms. Bennett has, after all, claimed income loss benefits as part of her damages. This is not to say that upon refinement of Plaintiffs' claims and further briefing by the parties that some or all claims may not fail at a later date. *Conway–West,* 19 Pa.D. & C.4th at 87, 91 (whether the two statutes conflict is fact-sensitive question). We can only rule at this preliminary stage that Plaintiffs have stated a claim for which relief can be granted, and the Motion to Dismiss all claims under the Bad Faith Act will be denied in part.

An appropriate Order follows.

### ORDER

AND NOW, this 29th day of June, 1995, upon consideration of Motion to Dismiss under F.R.C.P. 12(b)(6) of Defendant, State Farm Fire & Casualty Company and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is GRANTED in accordance with the attached Memorandum in that the claims of Provider Plaintiffs under 42 Pa.Cons.Stat.Ann. § 8371 are hereby DIS-

MISSED, and any and all claims of Genevieve Bennett under 42 Pa.Cons.Stat.Ann. § 8371 for denial of first-party medical benefits are likewise DISMISSED. In all other respects, the Motion is hereby DENIED.