James **SCHLEINKOFER**, Plaintiff,

v.

**NATIONAL CASUALTY CO.**, Defendant.

**No. CIV.A.03–239J.**

United States District Court, W.D. Pennsylvania.

Sept. 29, 2004.

Richard C. Levine, Ainsman & Levine, Pittsburgh, PA, for plaintiff.

Stanley A. Winikoff, Swartz Campbell, Pittsburgh, PA, for defendant.

### *MEMORANDUM OPINION AND ORDER*

GIBSON, District Judge.

This case comes before the Court on National Casualty Company's (hereinafter "Defendant") Motion to Dismiss Counts One and Two of James Schleinkofer's (hereinafter "Plaintiff") Complaint. (Document No. 3). Specifically, the Defendant

asserts that the Plaintiff fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant's Motion to Dismiss Plaintiff's Complaint at Counts One and Two is granted in part and denied in part for the following reasons.

## JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1332, in that all parties to the above-captioned civil action are citizens of different states, and the subject matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The Plaintiff is a resident of Everett, Bedford County, Pennsylvania, and he seeks damages in excess of $100,000.00 The Defendant is a corporation incorporated in Arizona with its headquarters located in Scottsdale, Arizona.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about December 11, 2001, the Plaintiff was involved in an automobile accident. (Document No. 1, Exhibit A). The Plaintiff suffered personal injuries as a result of the accident. *Id.* Thereafter, the Plaintiff filed a wage loss claim with the Defendant. *Id.* However, the Plaintiff alleges that the Defendant has "repeatedly failed to acknowledge the merits of and/or unduly delayed the processing of [the] Plaintiff's wage loss claim." *Id.*

The Plaintiff also sought medical treatment for the injuries sustained in the automobile accident. (Document No. 1, Exhibit A). The invoices from various medical providers were submitted to the Defendant for payment. *Id.* However, the Plaintiff claims that the Defendant has "refused to pay for medically reasonable and necessary treatment prescribed by [the] Plaintiff's physicians." *Id.*

As a result of the Defendant's refusal to pay the Plaintiff's claims, the Plaintiff first filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, whereupon the Plaintiff sought recovery of contractual and extra-contractual damages in connection to the Defendant's handling of the Plaintiff's claims for recovery of first party benefits under a policy of insurance issued by National Casualty.[1] Specifically, the Plaintiff's Complaint includes the following claims: (1) Count I: Bad Faith for Wage Loss Claim; (2) Count II: Bad Faith for Medical Claims; (3) Count III: Breach of Contract; and (4) Count IV: Deceit. (Document No. 1, Exhibit A). Under each of the claims, the Plaintiff seeks "compensatory, consequential, and punitive damages" from the Defendant, "in an amount in excess of the arbitration limits of this county, plus interest, court costs, attorneys' fees and such other relief" as the Court deems "necessary and proper". *Id.*

On or about October 23, 2003, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1446. (Document No. 1).

On or about October 30, 2003, the Defendant filed a Motion to Dismiss Counts One and Two of the Plaintiff's Complaint, alleging that pursuant to the Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, and the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL") 75 Pa.C.S.A. § 1701, *et seq.*,

---

**1.** In the Defendant's Motion to Dismiss Counts One and Two of the Plaintiff's Complaint, the Defendant clarifies the identity of the insurer as National Casualty Company and not Scottsdale Insurance Company, who was originally named in the Plaintiff's Complaint (Document No. 3). Accordingly, when referring to the "Defendant" in the case *sub judice,* the Court acknowledges the identity of the Defendant to be National Casualty Company.

the MVFRL "establishes the exclusive system of sanctions and penalties in connection with any improper denial of first party benefits" thereby precluding a claim of bad faith for wage loss and medical benefits under 42 Pa.C.S.A. § 8371. (Document No. 3).

## STANDARD

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing the pleader is entitled to relief." In considering a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint must be accepted as true, and all reasonable inferences from those allegations must be drawn in favor of the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663 (3rd Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). Thus, when the court considers a motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he or she advances. Rather, the court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 337 & n. 40 (2d ed.1990). *See also Conley v. Gibson*, 355 U.S. 41, 45–46 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). Accordingly, a motion to dismiss should only be granted if there is no conceivable set of facts that could be proved entitling the plaintiff to relief. *Conley*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

In arguing for the dismissal of Counts One and Two of the Plaintiff's Complaint, the Defendant contends that the Plaintiff's bad faith claims must be dismissed because § 8371 is preempted by 75 Pa.C.S.A. § 1701, *et seq.* The Defendant asserts that 75 Pa.C.S.A. §§ 1797 & 1716 are the exclusive remedies provided for the Plaintiff under the circumstances of the case *sub judice.* (Document No. 3). In particular, 75 Pa.C.S.A. § 1797(b)(4) permits an insured to challenge an insurer's failure to pay medical benefits, "the reasonableness or necessity of which the insurer has not challenged before a [Peer Review Organization (hereinafter 'PRO')]." In addition, 75 Pa.C.S.A. § 1716 requires payment of interest in the amount of 12% per annum on overdue benefits and provides for the recovery of attorney's fees if the insurer "is found to have acted in an unreasonable manner in refusing to pay the benefits when due." The Plaintiff, however, has not filed claims pursuant to 75 Pa.C.S.A. § 1701 *et seq.*, Rather, the Plaintiff has asserted bad faith claims against the Defendant pursuant to 42 Pa.C.S.A. § 8371.

The Pennsylvania bad faith statute provides the following:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insured.

42 Pa.C.S.A. § 8371. The Plaintiff's Complaint under Counts One and Two alleges violations of 42 Pa.C.S.A. § 8371 with regard to the Defendant's handling of the Plaintiff's first party benefits claims. (Document No. 1, Exhibit A).

The Court recognizes that numerous courts, both state and federal, have reached different conclusions regarding the issue of whether a plaintiff "seeking first-party insurance wage-loss or medical benefits as the result of an automobile accident [can] claim punitive damages against an insurer under 42 Pa.C.S.A. § 8371." *Danley v. State Farm Mutual Auto. Ins. Co.*, 808 F.Supp. 399, 400 (M.D.Pa.1992). Moreover, this Court is mindful that its role is to predict what determination would be reached by the Pennsylvania Supreme Court when that court has not ruled upon the pending state law issue. This role is summarized as follows:

> In interpreting state statutes, only decisions of the state's highest court are binding upon federal courts sitting in diversity. *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 144 (E.D.Pa.1993). If there is no such decision to bind the court, 'the federal court must predict how the state court would resolve the issue.' *Id.* (quoting *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 378 (3d Cir. 1990)). In making such predictions, the Court recognizes that 'the state's highest authority is the best authority on its own law.' *Robertson*, 914 F.2d at 378 (citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967)). The federal judiciary's role is 'not to form or create state law but to decide the case as we believe it would have been decided by the state's highest court had the case arisen in the state court system.' *Id.* In predicting the response of the Pennsylvania Supreme Court, the federal court should

consider: (1) what the Pennsylvania Supreme Court has said in related cases; (2) the decisional law of the Pennsylvania intermediate courts; (3) federal appeal and district court cases interpreting state law; and (4) decisions from other jurisdictions that have discussed the issue the court faces. *Gruber v. Owens–Illinois, Inc.*, 899 F.2d 1366, 1369–1370 (3d Cir.1990).

*Graham v. Liberty Mut. Group*, 1998 WL 961376 at *3 (E.D.Pa.1998). Turning to the plethora of case law on this issue, the Court addresses Count Two of the Plaintiff's Complaint.

## A. Count Two: Medical Loss Claim

 Initially, the Court observes that although courts have reached different conclusions regarding whether 75 Pa. C.S.A. § 1701, *et seq.* precludes 42 Pa. C.S.A. § 8371 wage-loss claims, courts have consistently held that a plaintiff "may not seek punitive damages under § 8371 for denial of medical benefits under an auto insurance contract." *Danley*, 808 F.Supp. at 401; *see also Yeager v. State Farm*, slip op. No. 92–830 (M.D.Pa. September 24, 1992) (Caldwell, J.); *Riddell v. State Farm*, 1992 WL 209971 (M.D.Pa. July 9, 1992) (McClure, J.); *Bennett v. State Farm Fire & Cas. Ins. Co.*, 890 F.Supp. 440 (E.D.Pa.1995). Specifically, the courts have determined that § 8371 conflicts with § 1701, *et seq.* in that § 1797(b) "sets out the process an insured party must undertake to challenge a denial of a claim for medical benefits and allows a court to assess treble damages against an insurer deemed to have denied a claim 'wantonly'." *Danley*, 808 F.Supp. at 401. Furthermore, other provisions included in § 1797 support the position that such claims cannot be asserted pursuant to § 8371. *Id.* For example, many courts have determined that "the remedies of the

Bad Faith Act are so different from the remedies under the MVFRL's § 1797 for first-party medical benefits that the Bad Faith Act cannot be used in conjunction with claims for those benefits." *Bennett*, 890 F.Supp. at 443; *Livecchi v. Prudential Pro. & Cas. Ins. Co.*, No. 91–3712, 1992 WL 22233 (E.D.Pa. Feb.4, 1992); *see also Barnum v. State Farm Mutual Automobile Ins. Co.*, 430 Pa.Super. 488, 635 A.2d 155 (1993).

Accordingly, based upon the case law and what this Court determines to be a proper interpretation by other courts, this Court concludes that the Pennsylvania Supreme Court would determine that § 1797 provides the exclusive remedy (including punitive damages) in an auto insurance medical benefits claim; therefore, the Court grants the Defendant's Motion to Dismiss as to Count Two, dismissing any portion of the Plaintiff's Complaint that might be construed to request punitive damages under § 8371 for denial of medical benefits.

**B. Count One: Wage Lost Claim**

The Court initially notes that some courts have already determined that bad faith claims pursuant to § 8371 based upon either a medical benefit claim or a wage loss claim are excluded by the provisions provided in § 1701, *et. seq. See Yeager, supra; Riddell, supra; Barnum, supra.* For instance, the *Riddell* court dismissed the § 8371 bad faith claims finding that § 8371 is a remedy that is inapplicable to wage loss and medical expenses claims made under §§ 1716, 1797. *Riddell v. State Farm Fire and Cas. Co.*, 1992 WL 209971 at *2–3 (M.D.Pa.1992)

In addition, the Third Circuit in *Gemini Physical Therapy and Rehabilitation v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63 (3d Cir.1994) held that the MVFRL provides the exclusive remedy for bad faith denials of first-party benefits. Specifically, the Court adopted the reasoning of the Pennsylvania Superior Court in *Barnum v. State Farm Mutual Automobile Ins. Co., supra*, when it held that "the provisions of section 1797, and not section 8371, are to be applied to claims for first party benefits under the MVFRL." *Gemini*, 40 F.3d 63, 67. Employing a statutory construction analysis, the *Barnum* court determined that the two statutory provisions could not be reconciled "because the damages in the event of wanton or bad faith conduct and the rates of interest specified by each are different". *Gemini*, 40 F.3d 63, 67 (citing *Barnum*, 635 A.2d 155, 158). Moreover, "the procedures and remedies under section 1797 are set forth with specificity." *Id.* Thus, the *Barnum* court concluded that since the two statutory provisions were enacted at the same time, and the provisions could not be reconciled, the specific provisions of the MVFRL "must be deemed an exception to the general remedy for bad faith" contained in § 8371. *Gemini*, 40 F.3d 63, 67 (citing *Barnum*, 635 A.2d 155, 159). However, the *Gemini* and *Barnum* courts addressed only the issue of whether a plaintiff may bring a bad faith action under § 8371 in conjunction with a claim for recovery of medical benefit claims under the peer review organization process found in § 1797. *Gemini* and *Barnum* did not address the issue of whether a plaintiff may bring a bad faith claim under § 8371 in conjunction with a wage loss claim under § 1716.

However, the Court recognizes that some courts have attempted to distinguish § 8371 bad faith actions based upon wage loss claims from § 8371 bad faith claims based upon medical benefit claims. For instance, the court in *Seeger by Seeger v. Allstate Ins. Co.*, 776 F.Supp. 986 (M.D.Pa. 1991) held the following:

[W]e see no conflict between section 1716 and section 8371. Section 1716 provides that overdue benefits—benefits not paid within thirty days after the company receives reasonable proof of amount—shall bear interest at twelve per cent, and that a company shall be liable for attorney's fees if benefits have been withheld because a company 'acted in an unreasonable manner.' The section does not provide that this shall be the company's only liability.

*Seeger by Seeger*, 776 F.Supp. at 991 (quoted in *Danley*, 808 F.Supp. at 402). In arriving at this conclusion, the court in *Seeger* and *Danley* determined that the conduct described in § 1716 as "unreasonable" is different from the conduct described in § 8371 as "bad faith". *Danley*, 808 F.Supp. at 402. Indeed, the court highlighted that "unreasonable" conduct is "one that the actor objectively should not have made", whereas "bad faith" conduct "implies an actual, subjective decision to commit a wrong act." *Id.* Accordingly, the court in *Danley* held that "the statutes can co-exist and that a plaintiff can claim punitive damages under § 8371 for denial of a wage-loss claim under an auto insurance policy." *Id.*

The Court observes that other courts have recognized the distinction set forth by the *Danley* court. For example, in *Smolinsky v. State Farm Ins. Co.,* 2000 WL 1201384 (E.D.Pa.2000), the court evaluated a summary judgment motion with regard to whether the plaintiff provided sufficient evidence upon which a jury could find that the defendant acted in an "unreasonable manner" in denying the plaintiff's medical expense claim under the MVFRL. The *Smolinsky* court denied the defendant's summary judgment motion with regard to the plaintiff's MVFRL claim. However, with regard to whether the plaintiff provided sufficient evidence upon which a jury could find that the defendant

acted in "bad faith" in denying the plaintiff's wage loss claim pursuant to § 8371, the *Smolinsky* court granted the defendant's summary judgment motion. The finding of such a distinction between a cause of action under § 1716 and a cause of action under § 8371 signals to this Court a need to re-examine the defined standard in each of these statutes.

An "unreasonable" act, as it is employed in the MVFRL, "has been defined as 'one that the actor objectively should not have made', but it is not necessarily one made in 'bad faith.'" *Smolinsky v. State Farm Ins. Co.,* 2000 WL 1201384 at *3 (E.D.Pa.2000)(quoting *Danley*, 808 F.Supp. at 402). In contrast, insurer "bad faith" is defined as in the following terms:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Smolinsky*, 2000 WL 1201384 at *5 (quoting *Klinger v. State Farm Mut. Auto. Ins. Co.* 895 F.Supp. 709, 713 (M.D.Pa.1995)).

■ Based upon the case law and the differences inherent in "unreasonable" conduct versus "bad faith" conduct, this Court concludes that if the Pennsylvania Supreme Court were presented with the issue before this Court it would determine that the Plaintiff may maintain a bad faith action with regard to denial of first party wage loss benefits pursuant to 42 Pa. C.S.A. § 8371 because 75 Pa.C.S.A. § 1716 does not provide the exclusive remedy for such a claim. Based upon that conclusion

the Court denies Defendant's Motion to Dismiss Count One.

An appropriate order follows.

### *ORDER*

**AND NOW,** this 29th day of September, 2004, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint at Counts One and Two is hereby granted in part and denied in part. The Defendant's Motion to Dismiss Plaintiff's Complaint at Count Two is granted, and the Defendant's Motion to Dismiss Plaintiff's Complaint at Count One is denied.