Samantha Ward **HARRIS**, Plaintiff,

v.

**LUMBERMAN'S MUTUAL CASUALTY CO.,** Defendant.

No. CIV.A. 05–CV–5228.

United States District Court, E.D. Pennsylvania.

Jan. 23, 2006.

extended from June 3, 2002 to June 23, 2003 as a result of the URAA.

Craig L. Thorpe, Law Offices of Craig L. Thorpe, P.C., Philadelphia, PA, for Plaintiff.

Robert M. Runyon, III, C. Scott Rybny, Nelson, Levine, de Luca & Horst, LLC, Blue Bell, PA, for Defendant.

## MEMORANDUM

ROBRENO, District Judge.

## I.  BACKGROUND

Plaintiff Samantha Ward Harris was injured in a car accident. She seeks coverage from her automobile insurance carrier, defendant Lumberman's Mutual Casualty Company, for her medical costs and lost wages. Plaintiff filed a complaint on August 26, 2005. In Count I, plaintiff seeks payment of first-party medical benefits under 75 Pa.C.S.A. § 1797.[1] Count II seeks payment of her lost wages under 75 Pa.C.S.A. § 1716.[2] Counts III alleges breach of contract. Count IV alleges statutory bad faith under 42 Pa.C.S.A. § 8371.[3]

---

1. Under section 1797(b) of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL),

> (4) Appeal to court.—A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO [peer review organization]. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.

> . . . . .

> (6) Court determination in favor of provider or insured.—If pursuant to paragraph (4), a court determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay the provider the outstanding amount plus interest at 12%, as well as the cost of the challenge and all attorney's fees.

75   Pa.C.S.A. § 1797.

2. Section 1716 states,

> Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits.... Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits are due. In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

75   Pa.C.S.A. § 1716.

3. The bad faith statute states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

Now before the Court is defendant's motion to dismiss plaintiff's action for bad faith (Count IV). Defendant argues that the bad faith statute, 42 Pa.C.S.A. § 8371, and the MVFRL, 75 Pa.C.S.A. §§ 1716, 1797, are in conflict as to the remedies available, and the MVFRL, the more specific statute, preempts the bad faith statute. For the following reasons, defendant's motion is granted in part and denied in part.

## II. DISCUSSION

### A. *Motion to Dismiss Standard.*

A motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) serves to test the sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). Therefore, the court must accept as true all factual allegations made in the complaint and all reasonable inferences that can be drawn therefrom. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988). The motion should be granted only if "no relief could be granted under any set of facts which could be proved." *Id.*

### B. *Statutory Construction under Pennsylvania Law.*

Under Pennsylvania law,

[w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provision is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall manifest intention of the

general assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933. The Court will thus apply these rules of statutory construction prescribed by the Pennsylvania legislature in reaching its holding.

### C. *The Statutory Bad Faith Claim Is Preempted by the First–Party Medical Benefits Claim*

Under section 1797 of the MVFRL, an insured seeking first-party medical benefits may be entitled to benefits plus 12% interest, as well as costs and attorneys' fees, if the court finds that treatment was medically necessary. 75 Pa.C.S.A. § 1797. Additionally, if the insurer does not submit the claim to a peer review organization (PRO) and if the denial of benefits is found to be *wanton,* the insured may be entitled to treble damages. *Id.*

Under the bad faith statute, if a court finds that an insurer has acted in *bad faith,* the court may award interest at the rate of prime rate plus 3%, punitive damages, and attorneys' fees and costs. 42 Pa.C.S.A. § 8371.

The Court finds that these statutes are irreconcilable "as effect may [not] be given to both." 1 Pa.C.S.A. § 1933. Both statutes punish similar conduct, i.e., wanton conduct under section 1797 and bad faith conduct under section 8371, yet provide disparate remedies.

Under the principles of statutory construction of Pennsylvania, when statutes are irreconcilable, the special provision (section 1797) prevails unless the general provision (section 8371) was (1) enacted later, and (2) manifests an intention that it shall prevail. *Id.* In this case, section 8371

(2) Award punitive damages against the insured.
(3) Assess court costs and attorney fees against the insured.

42 Pa.C.S.A. § 8371.

was not enacted later; sections 8371 and 1797 were enacted in the same 1994 bill. Nor does section 8371 manifest an intent that it shall prevail.

Accordingly, the special provision, section 1797, preempts the bad faith statute.[4] Plaintiff's claim for statutory bad faith with respect to defendant's denial of first-party medical benefits will be dismissed.[5] *See, e.g., Gargiulo v. Allstate Ins. Co.,* No. Civ. A. 96–8179, 1997 WL 551794 (E.D.Pa. Aug. 20, 1997) (Fullam, J.); *Grevy v. State Farm Ins. Companies,* No. 95–5233, 1996 WL 107851 (E.D.Pa. March 11, 1996) (Reed, J.); *Bennett v. State Farm Fire & Cas. Ins. Co.,* 890 F.Supp. 440 (E.D.Pa. 1995) (Joyner, J.); *Stepanuk v. State Farm Mut. Auto. Ins. Co.,* NO. Civ. A.92–6095, 1993 WL 489209 (E.D.Pa. Nov. 29, 1993) (Reed, J.); *Fetterman v. State Farm Mut. Auto. Ins. Co.,* Civ. A. No. 93–3940, 1993 WL 460803 (E.D.Pa. Nov. 5, 1993) (Hutton, J.).

### D. The Statutory Bad Faith Claim Is Not Preempted by the Lost Wages Claim

■ Under section 1716, a court may award overdue benefits plus 12% interest if the lost wages benefits were improperly denied. 75 Pa. C.S.A. § 1716. Additionally, if an insurer is found to have acted in an "unreasonable manner" in refusing to pay the benefits when due, the insured is also entitled to attorneys' fees. *Id.* There is no provision addressing wanton or bad faith conduct.

The Court finds that because section 1716 and the bad faith statute impose different remedies for different degrees of culpable conduct, i.e., unreasonable conduct under section 1716 and bad faith conduct under section 8371,[6] the statutes are reconcilable under section 1933 as "effect may be given to both," 1 Pa.C.S.A. § 1933. *See, e.g., Rudisill v. Continental Ins. Co.,* No. CIV.A. 00–CV–1603, 2001 WL 1167498, at *2 (E.D.Pa. Sept. 13, 2001)

---

**4.** The instant case is distinguishable from the situation where the challenge is to conduct beyond the scope of section 1797. In those circumstances, several courts have held that the claim for bad faith is not preempted by section 1797. *See Champlost Family Med. Practice, P.C. v. State Farm Ins.,* No. Civ.A. 02–3607, 2002 WL 31424398, at *2 (E.D.Pa. Oct. 29, 2002) (bad faith claim not preempted where allegations against insured for "not having properly followed or invoked the statutory procedure"); *Schwartz v. State Farm Ins. Co.,* No. CIV.A.96–160, 1996 WL 189839 (E.D.Pa. April 19, 1996); *Daumer v. Allstate Ins. Co.,* Civ. A. No. 91–7570, 1992 WL 57673 (E.D.Pa. March 18, 1992). These cases are predicated on a finding that the insurance companies' alleged conduct went beyond the scope of section 1797, such as abuse of process. In the instant case, plaintiff challenges the findings of the PRO, which is squarely within the scope of section 1797. Accordingly, the exception to the general rule of preemption does not apply here.

**5.** Although the Third Circuit reached the same result in an earlier case, *see Gemini Physical Therapy & Rehab., Inc. v. State Farm*

*Mut. Auto. Ins. Co.,* 40 F.3d 63 (3d Cir.1994), that authority may now be in doubt. In *Gemini,* the Third Circuit explicitly relied upon the Pennsylvania Superior Court decision of *Barnum v. State Farm Mut. Auto. Ins. Co.,* 430 Pa.Super. 488, 635 A.2d 155 (1993). The Superior Court decision was subsequently reversed and remanded by the Pennsylvania Supreme Court, *Barnum,* 539 Pa. 673, 652 A.2d 1319 (1994), apparently because of changes in procedure under the MVFRL, *see Terminato v. Pennsylvania Nat'l Ins. Co.,* 538 Pa. 60, 645 A.2d 1287 (1994). Even if the precedential weight of *Gemini* is in doubt, this Court finds the reasoning and application of the principles of statutory construction, by the Third Circuit in *Gemini,* based on the Superior Court's decision in *Barnum,* to be persuasive.

**6.** Unreasonable conduct is conduct "that the actor objectively should not have made," whereas bad faith conduct "implies an actual, subjective decision to commit a wrong act." *Danley v. State Farm Mut. Auto. Ins. Co.,* 808 F.Supp. 399, 402 (M.D.Pa.1992).

(McLaughlin, J.) (Sections 1716 and 8371 "can be read so that they do not conflict" as "unreasonableness is not equivalent to bad faith."); *Weisbein v. Home Ins. Co.*, No. Civ. A. 93–6909, 1994 WL 121033 (E.D.Pa. April 11, 1994) (Hutton, J.); *Olsofsky v. Progressive Ins. Co.*, No. 01–CV–666, 2001 WL 1809818 (Pa.Com.Pl.2001).[7] Accordingly, section 1716 does not preempt the bad faith statute and plaintiff's claim for statutory bad faith with respect to defendant's denial of lost wages benefits will not be dismissed.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be granted in part and denied in part. An appropriate order follows.

### *ORDER*

**AND NOW,** this 23rd day of **January, 2006,** it is hereby **ORDERED** that defendant's motion to dismiss (doc. no. 2) is **GRANTED IN PART and DENIED IN PART.** Plaintiff may pursue a statutory bad faith claim under 42 Pa.C.S.A. § 8371 (Count IV) with respect to the denial of wage lost benefits brought under 75 Pa. C.S.A. § 1716 (Count II). Plaintiff, however, is precluded from pursuing a statutory bad faith claim with respect to the denial of first-party medical benefits

brought under 75 Pa.C.S.A. § 1797 (Count I).

**AND IT IS SO ORDERED.**

---

7. Defendant recognizes these cases, but "urges this Court to disregard these non-precedential opinions because they produce an illogical result inconsistent with the accepted rules of statutory construction." Defendant argues that these cases were wrongly decided because they applied an improper definition of "bad faith." Defendant contends that the proper definition of bad faith, as provided in *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680 (1994), is equivalent to the definition of unreasonableness as used in section 1716.

The court in *Terletsky* held that to prove bad faith, a claimant must prove: (1) the insurer did not have a reasonable basis to deny bene-

fits under the policy; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis. *Id.* at 688. Defendant contends that both section 1716 and the bad faith statute punish the same "unreasonable" conduct.

Defendant's argument is unpersuasive. Unreasonable conduct is "one that the actor objectively should not have made," *Danley*, 808 F.Supp. at 402; it does not require any degree of knowledge or intent. In contrast, even under the *Terletsky* definition, bad faith requires knowledge or recklessness. Thus, the Court finds that bad faith conduct covered under section 8371 is not equivalent to unreasonable conduct covered under section 1716.